IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| SODA MOUNTAIN WILDERNESS COUNCIL; OREGON WILD; KLAMATH SISKIYOU WILDLANDS CENTER; CENTER FOR BIOLOGICAL DIVERSITY; and CASCADIA WILDLANDS PROJECT,<br><br>      Plaintiffs,<br><br>   v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>      Defendant,<br><br>MURPHY CO.,<br><br>      Defendant-Intervenor. | 1:12-cv-1171-CL<br><br>**ORDER** |

**PANNER, District Judge:**

Plaintiffs claim that the U.S. Bureau of Land Management (BLM) violated the National Environmental Policy Act (NEPA) and

1 - ORDER

the Federal Land and Policy Management Act (FLPMA) by proceeding with the Cottonwood Forest Management Project, a timber sale that would allow logging on 1,108 acres near Ashland, Oregon.

After the parties moved for summary judgment, Magistrate Judge Mark D. Clarke issued a Report and Recommendation (R&R), recommending that defendants' motions be granted and plaintiffs' motion be denied. Plaintiffs object to the R&R, so I review this matter de novo. See 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981). I adopt the R&R except as to plaintiffs' claim that the BLM violated NEPA by failing to consider an alternative that would not construct any new roads. I grant plaintiffs' motion for summary judgment on that claim only.

## DISCUSSION

This court denied plaintiffs' motion for a preliminary injunction. ECF No. 42, 2012 WL 4794135 (D. Or. Oct. 9, 2012). Plaintiffs appealed the order. The Ninth Circuit affirmed except as to plaintiffs' NEPA claim based on the no-new-roads alternative. Soda Mountain Wilderness Council v. BLM, ___ F. App'x ___, 2013 WL 3890008 (9th Cir. July 30, 2013) (Soda Mountain). On that claim, the Ninth Circuit ruled that this court erred "by failing to issue a limited preliminary injunction enjoining the building of 1.15 miles of new roads until the BLM either considers Soda Mountain's no-new-roads alternative for

2 - ORDER

units 20-1 and 20-2, or specifies why that alternative was rejected in a manner that is consistent with the project objectives and consistent with the revised timber sale." Soda Mountain, at *3.

The Ninth Circuit's ruling on preliminary injunctive relief does not govern this court's decision on the merits of plaintiffs' claims because different legal standards apply. See Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv., 422 F.3d 782, 794 (9th Cir. 2005) (per curiam). Nonetheless, the Ninth Circuit's reasoning is persuasive. I therefore adopt the well-reasoned and thorough R&R except as to the no-new-roads claim.

The Cottonwood Forest Management Project, as modified to reflect the withdrawal of units 20-1 and 20-2, now should proceed immediately. As Murphy Co. states, "[f]ire hazard will be reduced, wildlife habitat improved, employment provided, and revenues to the U.S. Treasury and Jackson County generated." Def.-Intervenor Mot. Clarify 4, ECF No. 90. Further delay could cause the timber harvest to be postponed until next spring.

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#83) is adopted except as to the no-new-roads NEPA claim, which is remanded to the BLM for further consideration with the guidance of Soda Mountain Wilderness Council v. BLM, ___ F. App'x ___, 2013 WL 3890008 (9th Cir. July 30, 2013). Defendants' motions

3 - ORDER

for summary judgment (##54, 56) are granted except as to the no-new-roads claim. Plaintiffs' motion for summary judgment (#47) is granted as to the no-new-roads NEPA claim, and otherwise denied.

The Cottonwood Forest Management Project may proceed except as to units 20-1 and 20-2. Murphy Co. is enjoined from conducting any activities associated with constructing a road to access units 20-1 and 20-2. Murphy Co.'s motion for clarification (#90) is denied.

IT IS SO ORDERED.

DATED this 6 day of September, 2013.

OWEN M. PANNER
U.S. DISTRICT JUDGE

4 - ORDER